*D. D. Pratt*, for the plaintiff.

---

WILLIAMS, Administrator *de bonis non* of HARPOLD, deceased, *v.* SHARP, Administrator *de bonis non* of HENDERSON, deceased.

Proceedings in the Probate Court ordering an administrator to sell the real estate of the intestate, to pay the debts of the estate, there not being sufficient personal estate from which to liquidate them, cannot be impeached collaterally.

ERROR to the *Madison* Circuit Court.

SMITH, J.—Debt by *Sharp*, administrator *de bonis non* of *Henderson*, against *Williams*, administrator *de bonis non* of *Harpold*, upon three notes made by *Harpold*, in his lifetime, in favor of *Renshaw*, former administrator of *Henderson*. Plea—the general issue, with an agreement that the defendant should be at liberty to give any special matters of defence in evidence. Judgment for the plaintiff for the amount of the notes, with interest, to be levied from the assets of the defendant's intestate, &c.

It was agreed that the notes were given in consideration of the purchase by *Harpold* of a tract of land sold by *Renshaw* as administrator of *Henderson*.

The defence set up was, that the proceedings of the Probate Court of *Madison* county, by virtue of which the land was sold, were so defective that no title passed to the purchaser.

The record of those proceedings shows that a petition

May Term, 1850.

was filed by *Renshaw*, as such administrator, representing that the personal estate of *Henderson* was insufficient to pay his debts, and praying for an order to sell the real estate, which *Harpold* afterwards purchased; that an exhibit was made of the condition of *Henderson's* estate; that notice of the pendency of the petition had been given by publication; that a sale was ordered; that a report of the sale was made; the sale confirmed; and a commissioner appointed to make a deed to the purchaser on his payment of the purchase-money.

The production of the notes on the trial was waived, and it was admitted that a deed for the conveyance of the land was tendered before this suit was brought.

The defects alleged to exist in the proceedings of the Probate Court, cannot be set up as a defence in this action. Enough appears in the record to show that the Probate Court had jurisdiction to order and confirm the sale of the land in question, and the proceedings instituted and had for that purpose cannot be impeached collaterally.

*Per Curiam.*—The judgment is affirmed with 6 *per cent.* damages and costs.

*W. Quarles,* for the plaintiff.

*J. Davis,* for the defendant.